UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACOB KOHN,

    Plaintiff,

v.                                                  2:23-cv-628-SPC-NPM

ASPEN SPECIALTY INSURANCE COMPANY,

    Defendant.

**ORDER**

In this breach-of-insurance-contract case arising from property damage after Hurricane Ian, plaintiff Jacob Kohn moved to compel appraisal. (Doc. 19). In opposition, defendant Aspen Specialty Insurance Company argued: (1) Kohn forfeited his right to appraisal by actively participating in litigation, and (2) the matter is not ripe for appraisal because Kohn failed to comply with certain post-loss conditions under the policy, including failing to sit for an examination under oath and failing to respond to requests for information. (Doc. 20). As discussed on the record during the January 17, 2024 hearing on the motion, the court rejected Aspen Specialty's forfeiture argument. However, the court set a follow-up conference and directed Kohn to comply with his post-loss conditions before then.

On March 26, 2024, the court held a status conference. There, the parties agreed that Kohn had complied with his post-loss conditions and the matter is

otherwise ripe for appraisal. Accordingly, Kohn's motion to compel appraisal (Doc. 19) is **granted**. The clerk is directed to place a stay flag on this case pending completion of the appraisal. And moving forward with the appraisal, the following procedures and deadlines will apply:

**Selecting Appraisers and Umpire:** By **May 9, 2024**, each party must select a competent and impartial appraiser. The appraisers may not have served as an adjuster for either party and their compensation may not be contingent on the outcome of this matter, the outcome of the appraisal, or on any valuations they may make during the appraisal process. *See Parrish v. State Farm Fla. Ins. Co.*, No. SC21-172, 2023 WL 1830816, *6 (Fla. Feb. 9, 2023) ("[A]n appraiser cannot be 'disinterested' if he or she, or a firm in which he or she has an interest, is to be compensated for services as a public adjuster with a contingency fee."). In other words, they may only be paid on a flat-fee or hourly basis for their service as impartial appraisers. The appraisers must agree to an umpire by **May 23, 2024**, and the parties will contemporaneously file a joint notice identifying the members of the appraisal panel.[1] If the appraisers are unable to agree, then the parties will file a motion by **May 27, 2024**, requesting a court-appointed umpire, and the motion will

---

[1] The parties may communicate with, and provide information to, the three-member panel, but once it is assembled, they must forego any ex parte communications with the panel or any of its members.

be set for an in-person hearing during which the parties' appraisers will explain their objections to each other's proposed umpires.

**Discovery During Appraisal:** The court's experience in other insurance-coverage matters with appraisal issues has revealed that parties and appraisers sometimes find that the tools of formal discovery can facilitate the appraisal process. And as provided in the Federal Arbitration Act, a majority of the arbitration panel "may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." *See* 9 U.S.C. § 7.[2] Likewise, a party may, with the concurrence of at least two members of the appraisal panel, conduct discovery concerning the amount-of-loss issues referred to the appraisal panel for resolution.

**Form of the Appraisal Award:** This dispute concerns damages sustained by three subparts of a covered structure. The parties stipulate that, for each of the three buildings, the appraisal panel must provide separate Xactimate awards that delineate

---

[2] *See Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 152 (2d Cir. 2019) (appraisal constitutes an arbitration for purposes of the FAA); *Martinique Properties, LLC v. Certain Underwriters at Lloyd's London*, 567 F. Supp. 3d 1099, 1106 (D. Neb. 2021), *aff'd sub nom.*, 60 F.4th 1206 (8th Cir. 2023) (same); *Register v. Certain Underwriters At Lloyd's*, No. 5:20-cv-52-TKW-MJF, 2020 WL 6106624, *3 (N.D. Fla. Apr. 20, 2020) (same); *Liberty Mut. Grp., Inc. v. Wright*, No. CIV.A. DKC 12-0282, 2012 WL 718857, *6 (D. Md. Mar. 5, 2012) (requests to appoint an appraisal umpire are processed as motions under the FAA); *see also Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 7 (1st Cir. 2004) (an agreed method to reach a binding resolution by a third-party neutral about a fact in dispute constitutes an arbitration for purposes of the FAA).

- 4 -

corresponding replacement-cost values, actual-cost values, ordinance-or-law figures, and any other policy-benefit figures as appropriate. The award must be made with full consideration of the provisions, exclusions, and other terms of the insurance policy. After the appraisal panel determines what was caused by the covered peril, as opposed to excluded causes, and further determines the amounts and values of the losses attributed to the covered peril, the court will account for policy limits, deductibles, and prior payments before entering any judgment.

**Completion of Appraisal:** The appraisal process must be completed by **August 23, 2024**. Within **one week** after the appraisal concludes, the parties must promptly file a joint notice informing the court of the outcome of the appraisal and attach a copy of the appraisal award.

**ORDERED** on April 25, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge